UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HUGO ERNESTO CHAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-80 |
| | ) | (VARLAN/GUYTON) |
| AT&T, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 3] filed by BellSouth Telecommunications, LLC ("BellSouth"),[1] in which BellSouth moves this Court to dismiss plaintiff's claim pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. While plaintiff, who is proceeding *pro se*, did not file a timely response to BellSouth's motion, *see* E.D. Tenn. L.R. 7.1(a), plaintiff subsequently filed a Motion to Disregard [Doc. 6] and a Motion for Default Judgment [Doc. 7]. Bellsouth filed a timely response [Doc. 9] to both motions. For the reasons set forth herein, Bellsouth's Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 3] will be

---

[1] Bellsouth asserts plaintiff improperly sued AT&T, a point discussed later in this memorandum opinion.

**GRANTED**, plaintiff's Motion to Disregard and Motion for Default Judgment [Docs. 6, 7] will be **DENIED**, plaintiff's claim will be **DISMISSED**, and this case will be **CLOSED**.[2]

## I.     Relevant Facts[3]

According to the complaint, which asserts a claim for defamation,[4] plaintiff was an employee of Bellsouth [Doc. 1]. Plaintiff states that he was wrongfully accused of threatening a coworker on October 31, 2011 [*Id.*]. BellSouth investigated this accusation on or about November 10, 2011 [*Id.*].

The Asset Protection Manager, Jim Spearman, interviewed plaintiff as part of BellSouth's investigation [*Id.*]. Others present for this interview included another manager, Robert Ecot, and plaintiff's union representative, Scott Pittman [*Id.*]. During the interview, plaintiff denied making the alleged threat [*Id.*].

---

[2]Plaintiff also filed a Discovery Plan and Motion for Order Attorneys Appear and Answer to Motion to Dismiss and/or Motion for Default Judgment [Doc. 12], and defendant filed a Report of Parties' Planning Meeting and Defendant's Proposed Discovery Plan [Doc. 13]. The Court has reviewed these documents and determined that they are of no consequence to the motion to dismiss, the motion to disregard, or the motion for default judgment. They are, therefore, not discussed herein and will be denied as moot.

[3]The following facts are taken from plaintiff's complaint [Doc. 1], and will be assumed as true for purpose of BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 3]. *See, e.g., Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (noting that in ruling upon motions to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff").

[4]Plaintiff's complaint asserts a claim for "libel, slander, & defamation" [Doc. 1]. In Tennessee, "[t]he law of defamation includes both slander, which is spoken, and libel, which is written." *Watson v. Fogolin*, No. M2009-00327-COA-R3-CV, 2010 WL 1293797, at *4 (Tenn. Ct. App. Apr. 1, 2010) (citation omitted). Accordingly, the Court treats plaintiff's complaint as asserting a claim for defamation in general.

2

While interviewing plaintiff, Spearman drafted an employee statement on plaintiff's behalf [*Id.*]. The statement indicated that plaintiff had threatened a coworker and provided the circumstances surrounding the alleged threat [*Id.*]. At the interview's close, plaintiff declined to sign the statement as drafted by Spearman because plaintiff had not written the statement himself; and further, plaintiff believed that the substance of the statement was false [*Id.*]. Spearman, Ecot, and Pittman are the only parties alleged by plaintiff as having been privy to the employee statement [*Id.*].

## II.     Standard of Review

BellSouth moves to dismiss plaintiff's claim of defamation pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 3]. Rule 8(a)(2) sets out a liberal pleading standard, *see Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard does not require "detailed factual allegations"; yet, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions." *Id.* (citation omitted). "[A] formulaic recitation of the elements of a cause of action will not do," *id.*, nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. A plausible claim must "permit the court to infer more than the mere possibility of misconduct." *Id.* In addition, the complaint must contain allegations supporting all material elements of the claims. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

As previously stated, plaintiff proceeds *pro se* in this matter [Doc. 1]. *Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a *pro se* complaint containing "vague and conclusory allegations unsupported by material facts").

### III. Analysis

#### A. Procedural History

BellSouth moves this Court to dismiss plaintiff's defamation claim for three reasons [Doc. 3]. First, plaintiff's complaint does not identify the basis of this Court's jurisdiction [*Id.*]. Second, plaintiff does not state a plausible claim of defamation because he does not allege sufficient facts to support the publication element of defamation [*Id.*]. Third, plaintiff has failed to exhaust his administrative remedies [*Id.*].

Plaintiff responded by filing the Motion to Disregard [Doc. 6] and the Motion for Default Judgment [Doc. 7]. In the Motion to Disregard [Doc. 6], plaintiff first asserts that he correctly identified AT&T, rather than BellSouth, as the defendant in his complaint [*Id.*]. Second, plaintiff states that he did not receive, and did not have access to, Exhibit 2, which was attached to BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings [*Id.*]. In the Motion for Default Judgment [Doc. 7], plaintiff claims that BellSouth failed to answer the complaint.

In response, BellSouth clarifies that it, rather than AT&T, is the proper defendant because plaintiff was employed by BellSouth, not AT&T [Doc. 9]. Second, BellSouth notes that it filed a timely response to the complaint when it filed a dispositive motion under Rule 12 [Docs. 3, 10]; and so, BellSouth has "pl[ed] on behalf of itself" [Doc. 9].

The Court will first address plaintiff's Motion to Disregard [Doc. 6] and Motion for Default Judgment [Doc. 7]. To follow, the Court will address BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 3].

5

### B. Plaintiff's Motion to Disregard

Contrary to plaintiff's assertions, it appears that the complaint improperly identifies AT&T as the defendant in this lawsuit [Doc. 6]. As noted in the Affidavit of Robert Culpepper, in-house counsel for AT&T, BellSouth does business as "AT&T" [Doc. 3-5 ¶ 2]. Culpepper further explains that "[p]laintiff was hired by BellSouth" and "remained an employee of such company up until the time of his termination" [*Id.*]. BellSouth provides additional clarification in its response to plaintiff's Motion for Default Judgment [Doc. 9 ¶ 1]: "[T]he alleged defamatory statements associated with the [p]laintiff's discharge would be by BellSouth personnel. As referenced in the attached filings from the Tennessee Secretary of State, there is no 'AT&T.'" The Court thus finds that, at all relevant times, plaintiff was employed by BellSouth, and his contended interactions took place with other BellSouth employees.

In addition, plaintiff states that he did not receive, and did not have access to, Exhibit 2, which was attached to BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 6]. BellSouth attached Exhibit 2, containing plaintiff's employment agreement [Doc. 3-3], to demonstrate plaintiff's failure to exhaust his administrative remedies. As explained below, the Court need not address this assertion because BellSouth's second assertion suffices to dispose of plaintiff's case. The Court does not base its determination on BellSouth's third assertion, which renders plaintiff's receipt of, and access to, Exhibit 2 irrelevant.

6

Accordingly, for these reasons, plaintiff's Motion to Disregard [Doc. 6] will be denied.

### C. Plaintiff's Motion for Default Judgment

Plaintiff claims that BellSouth did not file a timely response to his complaint [Doc. 7], but to no avail. *See* Fed. R. Civ. P. 12(a). Rule 12 classifies a dispositive motion as a "responsive pleading," so BellSouth responded in a timely manner when it filed its Motion to Dismiss and/or for Judgment on the Pleadings [*See* Docs. 2, 3]. *Id.*; Fed. R. Civ. P. 12(b)(6). According to Federal Rule of Civil Procedure 55(a), BellSouth has not "failed to plead or otherwise defend." Therefore, plaintiff's Motion for Default Judgment will be denied.

### D. BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings

BellSouth moves this Court to dismiss plaintiff's complaint, asserting (1) failure to identify the basis of this Court's jurisdiction [Doc. 3 ¶ 1], (2) failure to state a plausible claim of defamation [*Id.* ¶ 2], and (3) failure to exhaust administrative remedies [*Id.* ¶ 3].

Regarding BellSouth's assertion that plaintiff's complaint fails to establish sufficient grounds for this Court's jurisdiction, BellSouth submits that plaintiff "fail[s] to include a short and plain statement of the jurisdictional basis of a claim" [Doc. 3-1]. Bellsouth relies upon *Fraser v. James*, 655 F. Supp. 1073, 1075 n.2 (D.V.I. 1987), in support. Yet, *Fraser* recognized that a plaintiff may cure such defects by amendment. *Id.* Therefore, the Court declines to dismiss plaintiff's claim on this basis.

7

Next, the Court turns to BellSouth's assertion that plaintiff's complaint fails to adhere to the Rule 8 pleading standard because his factual allegations fail to support all material elements of his defamation claim. To establish a *prima facie* case of defamation in Tennessee, a plaintiff must show that (1) the defendant published a statement, (2) with knowledge that the statement is false and defaming to plaintiff, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

Regarding the first element of defamation, "[p]ublication is a term of art meaning the communication of defamatory matter to a third person." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994). "[C]ommunication between officers and agents of a corporation . . . is not publication . . . ." *Siegfried v. The Grand Krewe of Sphinx*, No. W2002-02246-COA-R3-CV, 2003 WL 22888908, at *2 (Tenn. Ct. App. Dec. 2, 2003) (affirming summary judgment for the defendant because the plaintiff failed to plead the publication element of his defamation claim). "[P]ublication requires 'the communication of a defamatory matter to a third person' and 'communication[s] among *agents of the same corporation* . . . are not to be considered as statements communicated or publicized to third persons.'" *Id.* (emphasis added) (quoting *Sullivan*, 995 S.W.2d at 572). The Court need "not reach the matter of privilege, malice, or any other question until there is a publication." *Woods v. Helmi, M.D.A.*, 758 S.W.2d 219, 222 (Tenn. Ct. App. 1988).

BellSouth moves to dismiss plaintiff's defamation claim because "the undisputed facts contained in plaintiff's complaint c[an]not establish the essential element of publication"

8

[Doc. 3]. As aforementioned, plaintiff's complaint states that only Spearman, Ecot, and Pittman—fellow employees of BellSouth—were privy to plaintiff's employee statement [Doc. 1]. Their privity to this statement was merely "'communication among agents of the same corporation," rather than "the communication of a defamatory matter to a third person." *Siegfried*, 2003 WL 22888908, at \*2 (quoting *Sullivan*, 995 S.W.2d at 572). As a result, plaintiff fails to plead the publication element of defamation and, correspondingly, fails to state a plausible claim of defamation. *See id.*; *see also Woods*, 758 S.W.2d at 222-23 ("It is an elementary rule in this state that publication is an essential element of a [defamation] action without which a complaint must be dismissed.").[5]

## IV. Conclusion

For the reasons set forth herein, BellSouth's Motion to Dismiss and/or for Judgment on the Pleadings [Doc. 3] will be **GRANTED**, plaintiff's Motion to Disregard and Motion for Default Judgment [Docs. 6, 7] will be **DENIED**, plaintiff's claim will be **DISMISSED**, and this case will be **CLOSED**. Plaintiff's Discovery Plan and Motion for Order Attorneys Appear and Answer to Motion to Dismiss and/or Motion for Default Judgment [Doc. 12] will be **DENIED as moot**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[5]This Court finds BellSouth's second assertion to have merit; accordingly, it disposes of this case on such grounds. Consequently, the Court need not address BellSouth's remaining argument that plaintiff failed to exhaust his administrative remedies [Doc. 3].